**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Yakoda Gene PUGH, Defendant–**
**Appellant.**

**No. 00–10245.**

**D.C. No. CR–99–00224–HDM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2001.

Decided April 9, 2001.

Before NOONAN, McKEOWN and
WARDLAW, Circuit Judges.

### MEMORANDUM *

Yakoda Pugh appeals the district court's denial of his motion to suppress evidence and statements. Las Vegas police officers conducted a "knock and talk" at an apartment, investigating a report of possession of stolen animals and a firearm. The resident let the officers in, and they discovered that his gun was stolen. Approximately one hour ·after the officers arrested the resident for possession of a stolen firearm, Pugh opened the apartment door, surprised to find the uniformed officers in the apartment. The officers testified that Pugh began to reach toward his waist, as if to pull a weapon. One officer then pulled him into the apartment and searched him, finding a gun. Pugh moved to suppress the gun and subsequent statements, arguing that he was pulled into the apartment (and therefore seized) before saying he had a weapon and without reaching for his waist.

■ Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), in determining whether the officers had a basis for initiating a frisk, there are two inquiries to be made: (1) whether the officer was rightfully in the presence of the party

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

frisked so as to be endangered if that person was armed, and (2) whether the officer had a sufficient degree of suspicion that the party to be frisked was armed and dangerous. *Brown v. Texas,* 443 U.S. 47, 50–53, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).

■ Only the second part of this test is at issue; Pugh does not challenge the lawfulness of the police officers' presence in the apartment. Both the report and recommendation of the magistrate judge and the district court's order affirming the magistrate judge include factual findings that Pugh reached for his waist, leading the officers to believe he was reaching for a pistol, before the officer took his arm and pulled him toward the apartment. The district court's order states with particular clarity that "[a]t the time the defendant entered the apartment he voluntarily admitted he had a weapon that was concealed under his shirt. The defendant started to reach in the direction where the gun was located." This sequence of events, the magistrate and the district court found, caused the police officers to believe that he was reaching for his gun. The district court also found a number of other facts that contributed to the reasonableness of the officers' belief: presence of a stolen firearm in the apartment, other evidence of crime, Pugh's access to the apartment, and the location in a high crime area. Applying the facts found by the district court, together with reasonable inferences drawn therefrom, the police officers' suspicion that Pugh possessed a weapon was reasonable. Therefore, the stop and frisk was justified.

Accordingly, the judgment of the district court is AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.